

**SIGNED this 02 day of July, 2008.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION


In re:                                                    No. 08-12459
                                                          Chapter 11


DONNA MARIE BALL-THOMAS,

         Debtor.

Appearances:      Daniel M. Stefaniuk, Timothy J. Millirons, and Jennifer L. Kent, Spears, Moore,
                  Rebman & Williams, Chattanooga, Tennessee, for Bradley Concrete Co., Inc.

                  Thomas E. Ray, Samples, Jennings, Ray & Clem, Chattanooga, Tennessee, for
                  the Debtor, Donna Marie Ball-Thomas


R. Thomas Stinnett, United States Bankruptcy Judge


**MEMORANDUM**

A creditor, Bradley Concrete, filed a motion to lift or modify the automatic stay imposed by the bankruptcy code so that it can file an action in state court to enforce a materialmen's lien on property of the bankruptcy estate. 11 U.S.C. § 362(a), (d). Bradley Concrete does not propose to go through with enforcement all the way to foreclosure. It wants to file the action solely to preserve its lien with its current status. According to Bradley Concrete, the lien may expire or cease to be perfected if it does not file suit within the one year period allowed by Tennessee law, and the year is about to expire. Tennessee law requires attachment for enforcement, but it may allow the attachment to be postponed so long as the suit is filed within the time allowed. Tenn. Code Ann. §§ 66-11-106 & 66-11-126.

The debtor in possession opposes the motion. The debtor contends that bringing the enforcement action in state court within the one year period is not necessary to continue the existence or the perfection of the lien. In this regard, the debtor relies on § 546(b) of the bankruptcy code, which provides:

> (1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—
>
>> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
>>
>> (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.
>
> (2) If—
>
>> (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and
>>
>> (B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;
>
> such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement.

11 U.S.C. § 546(b).

The Tennessee statutes providing for a materialmen's lien come within the meaning of § 546(b)(1). They allow perfection of a materialmen's lien to relate back to an earlier date so that the lien will have priority over an interest acquired in the interval between attachment and perfection. *Durkan Patterned Carpet, Inc. v. Premier Hotel Dev. Group (In re Premier Hotel Dev. Group),* 270 B.R. 234, 237 (Bankr.E.D.Tenn.2001). The automatic stay statute provides a parallel exception; the materialman can carry out the act required to perfect without obtaining relief from the automatic stay. 11 U.S.C. § 362(b)(3).

Paragraph (b)(2) leaves no doubt, however, that the automatic stay still applies to seizure of the property or the filing of a lawsuit if non-bankruptcy law requires either act to perfect the lien or to maintain or continue perfection. For purposes of the bankruptcy case, the materialman can perfect the lien, maintain perfection, or continue perfection without seizure or filing suit. The materialman is only required to give notice in the bankruptcy case. That will continue the existence and perfection of the lien. 11 U.S.C. § 546(b)(2).

The debtor has argued that Bradley Concrete's proposed lawsuit is an enforcement action. The argument is apparently intended to distinguish between acts to perfect that are excepted from the automatic stay by § 546(b)(1) and § 362(b)(3) and acts – seizure or litigation – that are not excepted from the stay even if they are needed to perfect the lien or maintain or continue perfection. The enforcement or perfection distinction is understandable but may be somewhat at odds with the terminology of § 546(b)(2) which deals with seizure or litigation as acts to perfect the lien or continue or maintain perfection even if they are also acts to enforce the lien.

The same enforcement or perfection distinction has been made with regard to whether notice is required by § 546(b)(2). The distinction is between a statute of limitations on enforcement of the lien – by seizure or litigation – and a statute that makes the lien's continued existence depend on seizure or litigation within a set time period. According to this distinction, § 546(b)(2) applies when seizure or filing suit within a set time period is required to maintain the existence of the lien. Section 546(b)(2) applies in that case because maintaining the lien's existence is part of perfection. The creditor can maintain the existence and perfection of the lien by giving notice. On the other hand, the notice requirement of §

546(b)(2) does not apply when the statute is merely a statute of limitations. The automatic stay still prevents the creditor from seizing the property or filing suit. The issue is the effect of failure to give notice as allowed or required by § 546(b)(2). The reasoning of the distinction begins with the proposition that expiration of the limitations period without taking the required action does not extinguish the lien or end its perfection; it only prevents enforcement of the lien. It follows, so the argument goes, that a limitations statute is not the kind of statute described in § 546(b)(2); it is not a statute dealing with perfection of the lien. It follows from this conclusion that notice under § 546(b)(2) is not required to perfect or maintain or continue perfection during the bankruptcy case. The creditor need only be concerned with when the limitations period will expire and especially whether the bankruptcy case extends the time. The creditor is protected by § 108 of the bankruptcy code. It extends limitations statutes when the automatic stay prevents action by the creditor. The creditor must pay close attention to when the automatic stay ends because the extension granted by § 108 ends 30 days after the stay ends unless state law provides a longer extension. 11 U.S.C. § 108(c). *In re WorldCom, Inc.*, 362 B.R. 96 (Bankr. S. D. N. Y. 2007).

For the purpose of argument, the court assumes the correctness of the distinction under § 546(b) between a statute imposing a time limit on perfection or existence of a lien and a statute of limitations as to enforcement. Still, there is no need for Bradley Concrete to file suit now to protect its rights under Tennessee law. If the Tennessee statute imposing the time limit deals with the existence of the lien, then it comes under § 546(b)(2). Notice will preserve the existence and perfection of the lien for purposes of the bankruptcy case. Bradley Concrete gave notice within the time allowed by filing the motion to lift the automatic stay. *Marine Midland Bank v. Breeden (In re Bennett Funding Group, Inc.)*, 255 B.R. 616 (N. D. N. Y. 2000); *Federal Nat. Mortg. Ass'n v. Dacon Bolingbrook Associates*, 153 B.R. 204 (N. D. Ill. 1993). Furthermore, § 108(c)(2) still extends the time for filing suit after the stay against seizure or filing suit expires. *Cherokee Millwright, Inc. v. Liberty Fibers Corp. (In re Liberty Fibers Corp.)*, 2008 WL 2368206, Adv. Proc. 07-5043, Bankr. Case 05-53874 (Bankr. E. D. Tenn. Jun. 6, 2008) (Judge Parsons); *Weaver v. Hamrick*, 907 S.W.2d 385 (Tenn. 1995).

If the Tennessee statute is a limitations statute, then Bradley Concrete's lien and its perfection are preserved in the bankruptcy case without giving notice under § 546(b), and § 108(c)(2) still applies. *In re WorldCom, Inc.*, 362 B.R. 96 (Bankr. S. D. N. Y. 2007).

In any event, the court is of the opinion that the Tennessee statute is not a statute of limitations within the meaning of the distinction. The statute provides that the lien will continue for one year and until final decision of a suit for enforcement that is brought within the year. In other words, if the year expires without the filing of a suit for enforcement, then the lien ceases to exist, and filing a suit for enforcement within the year is required to continue the lien's existence. Tenn. Code Ann. § 66-11-106. Thus, the statute is one that deals with perfection of the lien because it deals with existence of the lien. Bradley Concrete need not file suit to keep the lien in existence or perfected in the bankruptcy case. It is only required to give notice under § 546(b)(2) within the year allowed by the Tennessee statute. By filing the motion to lift the automatic stay, Bradley Concrete gave the required notice within the time allowed by the Tennessee statute.

Tennessee has adopted a statute that may also preserve Bradley Concrete's right to file suit. Section 66-21-110 provides:

> Notwithstanding any other provision of law to the contrary, if due to the filing of a bankruptcy petition under title 11 of the United States Code, compiled in 11 U.S.C., a creditor is stayed from filing the necessary documents to create or enforce a lien or security interest against the debtor's property, then any statute of limitations created or established by law for the perfection or enforcement of a lien or security interest shall be tolled until ninety (90) days after any of the following actions occur with respect to the filing of the bankruptcy petition:
>
> (1) the stay is lifted as to the creditor;
>
> (2) the case is discharged; or
>
> (3) the case is dismissed.

Tenn.Code Ann. § 66-21-110 (2006).

The wording of the statute is somewhat unclear. What are the necessary documents to create or enforce a lien? The court concludes that the necessary documents include a complaint. Is

continuing a lien or its perfection necessary to enforce the lien? Certainly that is true when filing before the deadline is needed to continue the existence of the lien, and that is the meaning of the Tennessee statute, § 66-11-106. If a statute requires filing before a deadline only to continue perfection, continuing perfection may still be viewed as necessary to enforcement. The statute does not focus on enforcement only against the debtor or the debtor's property. It can be interpreted to mean enforcement against other creditors – enforcement at the same level or status as before the deadline. The statute also refers to a statute of limitations on perfection or enforcement of a lien. The statutes setting time limits for perfection may not technically be limitations statutes, but the intent of this statute is clear, and the meaning of "statute of limitations" is not. The court concludes that this statute was intended to apply to the Tennessee statute, § 66-11-106, requiring the filing of a suit to enforce a materialmen's lien within a year.

Section 108(c)(1) of the bankruptcy code adopts an extension granted by state law as a result of the bankruptcy case. *Aslanidis v. U. S. Lines, Inc.*, 7 F.3d 1067 (2d Cir. 1993). Section 108 does not suggest that an extension granted by state law as the result of a bankruptcy case cannot apply when the bankruptcy case no longer prevents action by the creditor.

The court will enter an order denying the motion to lift stay.

# # #